UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of Nebahat Evyap İşbilen, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,<br><br>Petitioner, | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/2024

24 Misc. 48 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On January 29, 2024, Petitioner, Nebahat Evyap İşbilen, submitted an *ex parte* petition (the "Petition") for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in an ongoing civil proceeding in the High Court of Justice of England and Wales (the "English Proceeding").  Pet. at 1, ECF No. 1; *see also* Tickner Decl. ¶¶ 4–10, ECF No. 4.  Petitioner seeks permission to serve subpoenas on Citibank N.A. and M&T Bank Corporation (together, the "Respondents").  Pet. at 1; *see* ECF Nos. 1-1, 1-2.  Petitioner also seeks permission to proceed *ex parte*.  Pet. at 4.  For the following reasons, the Petition is GRANTED.

**DISCUSSION**

I.    Legal Standard

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."  *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted).  Courts routinely grant such petitions *ex parte*.  *Gushlak v. Gushlak*, 486 F.

App'x 215, 217 (2d Cir. 2012) (summary order) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome." *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (summary order) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks omitted).

II.   <u>Analysis</u>

A.   *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*. *Gushlak*, 486 F. App'x at 217. Accordingly, Petitioner's request to proceed without serving the Petition on Respondents is GRANTED.

B.   The Petition

Petitioner has met all three statutory requirements. First, Petitioner states that Respondents reside in this District, and that they can be found in this District. Pet'r Mem. at 8, ECF No. 3; Tickner Decl. ¶¶ 38–39. Second, Petitioner has established that she intends to use the discovery in the ongoing English Proceeding. Pet'r Mem. at 8; Tickner Decl. ¶¶ 37. Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("An applicant may seek discovery of any

2

materials that can be made use of in the foreign proceeding to increase her chances of success.").
Third, Petitioner is a party to the foreign proceeding.  Pet'r Mem. at 8; Tickner Decl. ¶¶ 4–5.

Each of the discretionary factors also weigh in favor of granting the Petition.  First,
Respondents are not participants in the English Proceeding.  Pet'r Mem. at 9.  Second, Petitioner
"has duly informed the court overseeing the English Proceeding[], and that court has permitted
the bringing of these applications."  *Id.* at 10.  Third, there is no evidence that Petitioner is
attempting to circumvent any proof-gathering restrictions imposed by English law or otherwise
seeking the discovery in bad faith.  *Id.*  Finally, the subpoenas Petitioner proposes are not unduly
intrusive or burdensome.  *See* ECF Nos. 1-1, 1-2.  Accordingly, the Petition is GRANTED.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED.  The Clerk of Court is directed
to terminate the motion at ECF No. 1 and to close the case.

SO ORDERED.

Dated:  February 21, 2024
    New York, New York

ANALISA TORRES
United States District Judge